IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IMOGENE PENNINGTON,

        Plaintiff,

v.                                   CIVIL ACTION NO.  2:20-cv-00446

THE KROGER LIMITED PARTNERSHIP I, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendants' Motion for Summary Judgment. [ECF No. 33]. Plaintiff has responded [ECF Nos. 35, 36] and Defendants have replied [ECF No. 37]. The motion is now ripe for consideration. For the reasons herein, the Motion is **GRANTED**.

I.     Relevant Facts

Plaintiff Imogene Pennington, a 95-year-old woman, fell in the Kroger parking lot on July 30, 2018, after a shopping trip with her daughter. As a result of that fall, Plaintiff filed this action alleging negligence under a theory of premises liability against Defendants Kroger Limited Partnership I ("Kroger") and BCP Fayette Square, LLC ("BCP"), the owner of the property where the Kroger store is located.

Plaintiff alleges that she and her daughter, Nancy Tissue, had finished shopping at the Kroger store and Ms. Tissue had gone ahead to the car, which was

parked in a labeled handicapped parking spot somewhere in front of the store. When Plaintiff exited the Kroger, she began walking toward the car "and they apparently had been working on the road or something, and there was a bump. I hit a bump and the cart [fell over] and I went with it." [ECF No. 33-6, at 14]. Plaintiff's Amended Complaint alleges that the "bump" in question was "a strip of gravel across the paved parking lot and driveway adjacent to the Kroger's store." [ECF No. 1-3, at 2 ¶ 5].

Defendants argue that discovery has shown that no strip of gravel existed in the parking lot on or near July 30, 2018. Rather, Defendants admit that there was a "repaired area" in the parking lot. The repaired area was a diagonal "strip of concrete running from the sidewalk at the Kroger storefront to a light pole in the parking lot which was necessitated by a repair to the Kroger parking lot lights in January 2016." [ECF No. 34, at 1]. Plaintiff does not dispute Defendants' assertions in this regard. In fact, Plaintiff was well aware of the repaired area and now claims it is the defect in the parking lot that caused her fall. During her deposition, Plaintiff acknowledged that she visited the Kroger store "[s]ometimes two and three times a week and sometimes just one," but "at least once a week." And when asked to state with particularity the alleged acts of negligence in this case, Plaintiff responded that "Kroger did not keep their walkway and parking lot safe. The pavement had been deteriorating for years where it had been torn up to run a power line." [ECF No. 33-5, at 10].

Defendants now move for summary judgment claiming that Plaintiff has not shown that the repaired area actually caused her fall. Even assuming she had made

2

that showing, Defendants argue they owed Plaintiff no duty of care with respect to the repaired area because it was open and obvious and as well-known to Plaintiff as it was to Defendants.

II. **Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. A court "may grant summary judgment only if, taking the facts in the best light for the nonmoving party, no material facts are disputed and the moving party is entitled to judgment as a matter of law." *Ausherman v. Bank of Am. Corp.*, 352 F.3d 896, 899 (4th Cir. 2003). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ. Co. v. Raleigh–Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010).

The moving party may meet its burden of showing that no genuine issue of fact exists by use of "depositions, answers to interrogatories, answers to requests for admission, and various documents submitted under request for production." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). "[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 256 (1986). Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some

3

"concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256.

Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude granting summary judgment. *See Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987). To survive summary judgment, a plaintiff must come forward with "significant probative evidence tending to support the complaint." *Anderson*, 477 U.S. at 249 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co*, 391 U.S. 253, 290 (1968)).

III. Discussion

Like a standard negligence claim, Plaintiff's premises liability negligence claim requires proof of duty, breach, causation, and damages. *Gable v. Gable*, 858 S.E.2d 838, 850 (W. Va. 2021). Defendants first argue that there is no genuine dispute of fact and they are entitled to judgment as a matter of law on the causation element. Specifically, though Plaintiff is aware of the repaired area, Defendants argue that there is no evidence the repaired area caused Plaintiff's fall. I agree.

Though Plaintiff claims Defendants were negligent in maintaining the parking lot because the repaired area was deteriorating, there is no evidence before me that

4

tends to show the repaired area caused or even contributed to Plaintiff's fall. In fact, during her deposition, Defendants' counsel showed Plaintiff an image of the parking lot "to try to establish [] where in the parking lot [she] actually fell." [ECF No. 33-6, at 20.] Plaintiff responded, "I couldn't tell you." *Id.* Defendants' counsel followed up:

> **Q: You have no idea?**
> A: I know that I was going down, pushing the cart down like one of these lanes here.
> **Q: Okay.**
> A: And I hit a bump.
> **Q: Okay. So I know that there's been some – at least in the Complaint and in some discovery there – well, let me back up. What kind – do you know what kind of bump you hit?**
> A: It was a – it was – seemed like it was a – like a piece of concrete was up. I – it's been how many years? It's been a while, and I've been through a lot.
> **Q: It's been a couple years, that's for sure. So at least in your complaint, it's alleged that there was a strip of gravel across the paved parking lot.**
> A: Well, that's probably what it was that made the [b]ump.
> **Q: Okay. Well I'm going to – I'm going to point something out to you in this photograph here. So do you see this very light line?**
> A: Yes.
> **Q: Right there?**
> A: Uh-huh.
> **Q: There is a light pole in this location right here. And I believe that that very light line is a repair that was made to the road after they had to dig up the parking lot to fix a light pole –**
> A: Yes.
> **Q: – some electrical issue, and I believe that is what is depicted right there. If I'm accurate in that statement, do you know where in this photograph you would have fallen?**
> A: No. It would have been – it would have been in there – it was in there somewhere.
> **Q: Okay.**
> A: But I couldn't tell you. I'm sorry.

5

[ECF No. 33-6, at 21–22].

There is nothing in the record before me to identify where in the parking lot Plaintiff fell. Though Ms. Tissue was questioned about the location of the fall during her deposition and the transcript reveals that she marked an exhibit with the approximate location of her vehicle, that deposition exhibit was not provided by Defendants or by Plaintiff in opposition to the motion. Therefore, there is no probative evidence of the location of the fall before me. Ms. Tissue testified that she believed Plaintiff's cart may have hit the repaired area because "[Plaintiff] has said more than once, 'I hit that bump and it went – and I went down. I just remember hitting that bump.'" [ECF No. 33-3, at 47–48]. This unsupported speculation is insufficient to establish that the repaired area caused Plaintiff's fall.

Given the record before me, I find that Defendants have shown that Plaintiff has not come forward with evidence establishing causation, an element on which Plaintiff bears the burden of proof. And I find that Plaintiff has failed to properly oppose the motion for summary judgment by "set[ting] forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. Plaintiff failed to attach any deposition transcripts or exhibits to her response. Plaintiff did not further develop Ms. Tissue's testimony on the location of the fall or provide other evidence that it occurred near the repaired area. Throughout Plaintiff's deposition, Defendants' counsel suggested that perhaps Kroger employees or emergency medical personnel who responded to the incident may recall where in the parking lot the fall occurred. But there is no evidence that Plaintiff deposed these individuals to

determine whether they could offer testimony in support of her claim. Rather, Plaintiff's case relies more on the theory of *res ipsa loquitur*—because there was a repaired but deteriorating area in the parking lot, it must have caused the fall. Plaintiff admits as much in her response to the motion for summary judgment:

> The defendants say that Mrs. Pennington is not able to prove her case because she cannot establish that this unevenness caused her fall. While the defendants make much of the fact that Mrs. Pennington was not able to testify for certain that the bump she felt was the uneven pavement, they offer no other explanation for her fall, or the cause of her loaded grocery cart to stop suddenly and turn over.
> Mrs. Pennington concedes she cannot prove beyond a reasonable doubt that the uneven surface created by the concrete and gravel-filled trench was the cause of her fall, but all the evidence leads to that conclusion.

[ECF No. 35, at 5].

Plaintiff misunderstands the burden of proof. It is not Defendants' responsibility to come forward with an explanation other than the repaired area for the fall; it is Plaintiff's burden to prove that there is at least some evidence that the repaired area did cause her fall. Further, Plaintiff has failed to properly plead or support a *res ipsa loquitur* theory under West Virginia law.

> Pursuant to the evidentiary rule of *res ipsa loquitur*, it may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when (a) the event is of the kind which ordinarily does not occur in the absence of negligence; (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

Syl. Pt. 4, *Foster v. City of Keyser*, 501 S.E.2d 165 (W. Va. 1997). "In order to avoid summary judgment or judgment as a matter of law, a plaintiff who seeks to proceed on a theory of *res ipsa loquitur* must demonstrate each of the three prongs of the test this Court adopted in syllabus point four of *Foster*." Syl. Pt. 6, *Kyle v. Dana Transport, Inc.*, 649 S.E.2d 287 (W. Va. 2007). Plaintiff has not discussed these factors nor put forward evidence to demonstrate them.

I find that there is no genuine dispute of material fact on the issue of causation because Plaintiff has failed to come forward with any evidence to establish that element of her claim. Summary judgment in favor of Defendants is appropriate on that basis so I need not consider whether the repaired area was open and obvious or well known to Plaintiff.

### IV. Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment [ECF No. 33] is **GRANTED**. The pending motions in limine [ECF Nos. 40, 41, 42] are **DENIED as moot**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 24, 2021

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE